The Chancellor.
The testator declares it to be his will; that his beloved wife have her lawful right of dower out of his estate; that his executor sell and dispose of all his estate, both real and personal; that his debts be paid; that his brother John have $500, and his brother James $100; and that the resí and residue of his estate be divided- between his two sons.
It is contended- on the part- of the defendants, that under this will, matters stand, in reference to the widow, only in the con - dition in which they would have stood if the wife had not been at all mentioned in the will; that as in law parlance “ dower” relates only to lands, we must substitute the word “lands” for the word “ estate,” and read the clause in which the wife is mentioned thus: “ 1 will that my wife have her lawful right of dower out of my lands.”
If the decedent had made no will, the widow would have had her lawful thirds in both the real and'personal estate. Did the testator intend, by making the will, to cut her off from the personal estate ? If he did, he had only to omit to mention hc« *352 Dame in the will, framed as it is in other respects. But he says, she shall have her lawful right of dower out of his estate. “ Estate” embraces both real and personal property. We are asked to substitute' the word “lands” for the word “estate.” This wouM certainly relieve the will from all difficulty of construction; but it would render the whole clause useless; and it would leave no object or motive in the testator for introducing it, but that of putting on the face of the will a clear intention of cutting the Wife off from all interest in the personal estate. The will shows no such intention, but a contrary intention; and so it was admitted on the argument. The word “ dower,” as used in this will,- cannot be permitted to control the whole clause for the purpose of excluding the widow, against the intention of the testator, from the right which the law would give her in the personal property.- The word “ estate” should, rather, govern, or inlluenoe the construction of the clause in aid of that intention. The clause being useless if it be supposed to be confined to lands, we‘ ought rather to suppose it was introduced for a purpose, and that a beneficial one to the widow.
If it be said that the substitution of the word “ lands” for the word “ estate” would make the clause plain; the substitution of the word “thirds*’ for the word “dower” would make it quite as plain. If the words had been “ dower in' my real and personal estate,” the word “ dower” would not limit the interest to the realty; and the word “ estate” includes both real and personal property. What the testator meant by the whole sentence, is the matter to be determined.
I am inclined to think that the word “ dower,” as it stands in the sentence, is not to be taken as having been used in its technical sense; but is to be taken as having been used as equivalent to “thirds.”. We' are not without eases in which particular words used in a will, opposed to the intention of the testator, have been rejected as having been used by mistake, or through ignorance of their force, or have been construed to have the meaning of other words: 2 Myl. and Kean, 149; 6 Sim. 49; 2 Dess. 32; 2 Munf. 234; 1 Ibid, 549; 1 Russell and Myl. 407; 6 Mad. 343; 3 Paige, 9; 2 Paige, 122; 2 A. K. Marsh. 466.
If the different provisions stood in the following order: My *353 executor shall sell all my estate, real and personal, and, after paying the debts, pay to 'my brother John $500; and to my brother James $100; and the rest and residue of my estate shall be divided between my two children; my will, however, is, that my wife shall have her lawful right of dower out of my estate: I think the intention of the will could not be mistaken. These are the provisions of the will. The putting them in the above order serves only to show, more strikingly, that the clause had an object and purpose to effect, beyond-what would have been the effect of the will if the clause had been left out:; and that object was to prevent the wife’s being cut off from the personal estate. But if the clause is read as the defendant would read it, it is without object or purpose, and would have no influence whatever, and, it should therefore be presumed, would not have been added. We have, then, a word in the clause sufficiently broad to carry out what jyould naturally be, and no doubt was, the intention of the will, the word “ estate.”
The description the testator gives of the interest- the widow is to have in this estate, is, “ her lawful right of dower.” I cannot doubt that the word “ dower” may stand so connected in a will as to mean the lawful third of the personal as well as of the real estate; and I think it means that in this will.
On the bill as it stands, and in. view of the facts which the demurrer must be taken to admit, J am of opinion that the demurrer should be overruled.
It 'is not necessary now to examine the question, whether parol evidence of the declarations of the testator would be admissible. The situation of the estate, as to the comparative amounts of realty and personalty, might certainly'be shown. Suppose the estate consisted of $100 in land, and $10.000 in personalty; the court would not shut its eyes to that fact; and it would have a legitimate influence on the reading of the will. To this extent the eases go without difficulty; 12 Price, 216; 4 Russ. 454.
Demurrer overruled.-